**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-7073

ROBERT C. WEDDINGTON,

        Plaintiff - Appellant,

    v.

NATIONAL INDEMNITY INSURANCE COMPANY; CENTRAL EXPRESS, LLC,

        Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Ellen L. Hollander, Senior District Judge. (1:21-cv-00962-ELH)

Submitted: January 4, 2022                    Decided: February 8, 2022

Before NIEMEYER, AGEE, and RICHARDSON, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Robert Clifford Weddington, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert C. Weddington appeals the district court's order dismissing his complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii). We affirm the dismissal of the complaint against National Indemnity Insurance Company for the reasons stated by the district court. *Weddington v. Nat'l Indem. Ins. Co.*, No. 1:21-cv-00962-ELH (D. Md. July 9, 2021). Regarding the dismissal against Central Express, LLC, we vacate the court's dismissal order and remand for further proceedings. We conclude that it does not appear on the face of Weddington's complaint that the statute of limitations would bar this action against Central Express, LLC. We further conclude that collateral estoppel does not bar Weddington's claims against Central Express, LLC, because the prior case, *R & L Glob., LLC v. Nat'l Indem. Co.*, No. 1:21-CV-00524-CCB (D. Md.), involved different parties and claims. Lastly, claim splitting does not apply in this instance because the parties are different. Central Express, LLC, was not a party to Weddington's prior action.

Accordingly, we affirm in part, vacate in part, and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*

2